# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0865V

| | |
|---|---|
| IDA ROTHSCHILD,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2025 |

*Wendy Cox*, Siri & Glimstad LLP, Austin, TX, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 6, 2024, Ida Rothschild filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on November 7, 2023. Petition, ECF No. 1. On May 2, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner then filed an *Interim* Motion for attorney's fees and costs, requesting an award of $21,759.66, representing fees and costs incurred by Petitioner's former counsel, Andrew Donald Downing, Esq. *See* Interim Motion filed December 23, 2024, at ECF No. 20. Additionally, Petitioner filed a *Final* Motion for attorney's fees and costs, requesting an award of $8,440.58, incurred by Petitioner's counsel of record, Wendy Cox, Esq. *See* Final Motion, filed May 8, 2025, at ECF No. 38. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 38-4.

Respondent reacted to the interim and final motions, deferring resolution of the amount to be awarded to my discretion. Response at 2-5, ECF Nos. 21 and 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*a. Hourly Rates*

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by former and current counsel and their supporting paralegals are reasonable and consistent with our prior determinations and shall be awarded herein.

*b. Non-Compensable Tasks*

Attorneys' fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). A review of the invoices shows that Petitioner's former counsel billed for non-compensable work and/or tasks considered administrative in nature,[3] such as reducing the filing size of medical records in preparation for filing and processing or paying invoices. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. See, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See *Mostovoy* v. *Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs*., No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). **Accordingly, I hereby apply a fees reduction of $455.00[4] to account for these non-compensable tasks.** All other time billed to the matter shall be awarded.

---

[3] The following billing entries are considered administrative and non-compensable: 3/21/24 (two entries): "Processing, ocr'd, reduce filing size for proper court filing and proper intake of medical records…" 4/5/24; 4/16/24; 4/22/24: "Receipt and review invoice for medical records…Issuance of payment and proper documentation of invoice payment…(0.50 hrs.)." Other entries reflecting similar descriptions of non-compensable work: 6/12/24. See ECF No. 20 at 24-27.

[4] This amount consists of the combined total that was charged by Petitioner's former counsel for the billing entries cited in Footnote 3.

## LITIGATION COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 20 at 31-35 and 38-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $29,745.24[5] as follows:**

- **A lump sum of $8,440.58, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Wendy Cox's IOLTA account for prompt disbursement; and**

- **A lump sum of $21,304.66, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Andrew Donald Downing's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.